UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FLOYD MAY,
   Plaintiff,

vs.                                                             Case No. 01-1520

JACK LIBBY, et.al.,
   Defendants.

## ORDER

This cause is before the court for consideration of various motions filed by the plaintiff including his motions for leave to appeal in forma pauperis [d/e 146, 155], his motions for reconsideration [d/e 150, 152] and his motion for a trial transcript. [d/e 154]

## MOTION FOR RECONSIDERATION

The plaintiff has filed motions asking the court to reconsider its order granting the defendants' motion pursuant to Rule 50 of the Federal Rules of Civil Procedure. A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The plaintiff's motion was timely filed and is therefore made pursuant to Rule 59(e).

A Rule 59(e) motion "may only be granted if there has been a mistake of law or fact or new evidence has been discovered that is material and could not have been discovered previously." Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180 (7th cir. 1992).

When the plaintiff's case proceeded to jury trial, the plaintiff's surviving claims included allegations that the defendants violated his First Amendment rights and that their actions against him were retaliatory. The first incident involved a letter the plaintiff wrote to the Clerk of the Circuit Court of Livingston County, Illinois. The plaintiff was inquiring about a potential lawsuit, and stated that he was "still a little confused concerning the federal charges against Jack Libby and Dick Irvine. Do I initiate the federal or criminal charges first." (Pltf. Letter)  A copy of this letter was addressed to Internal Affairs, and was in the mail that Defendant Libby picked up as part of his daily routine. Libby interpreted the letter as an attempt to intimidate him in violation of Department Regulations. Libby responded by writing a disciplinary ticket against the plaintiff. The plaintiff was found guilty of the offense, but the finding was later overturned on appeal. The plaintiff acknowledged that he did write the letter.

The court found that the defendants actions did not violate the plaintiff's First Amendment rights. The court stated that there was a rational, probable cause basis for the disciplinary action which was supported by valid penological aims. Even if the discipline was later overturned, it could not be the basis for a claim of retaliation.

The second incident involved the seizure of a document from the plaintiff's cell.  Ten identical grievances had been filed at Pontiac Correctional Center, all in the same handwriting and all listing the same 30 complaints about conditions.  The last request in each grievance was that the plaintiff be interviewed as a representative of the complaining group.  Department Regulations prohibit "writing, signing, or circulating a petition without authorization.." 20 Ill. Admin. Code §504, Appendix A 309.  Defendant Libby was instructed by his superiors to search the plaintiff's cell for the form grievance.   Libby confiscated a five page document.

It is apparent on the face of the document that it was a petition aimed at improving prison conditions.  It is also apparent that there was sufficient probable cause to believe that the document was contraband and that the plaintiff was the author.  The plaintiff claimed that other documents were taken from his cell, but had no evidence to support his claim.  His own witness was only able to say there was more than one page taken.  The document confiscated was five pages.  The court found the document was not entitled to First Amendment protection, nor could the seizing of the document be reasonably interpreted as retaliatory.

Much of the plaintiff's motion to reconsider the court's findings simply rehashes the issues.  The plaintiff has not presented a mistake of law or fact.  The plaintiff does claim that granting the motion pursuant to Rule 50 of the Federal Rules of Civil Procedure was a mistake of law because he was not "fully heard" on his claims.  Rule 50 prescribes that judgment as a matter of law is proper when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ P. 50(a)(1).

The plaintiff states while he did have a chance to call all his witnesses and present all his intended exhibits, he did not complete his examination of Defendant Dallas, did not have a chance to testify and did not have a chance to call the witnesses in his preferred order.

A trial judge has discretion in how a trial is conducted.  United States v. Spivey, 841 F.2d 799, 803-804 (7th Cir. 1988).  This includes decisions regarding cumulative  testimony and judicial economy.  The plaintiff was allowed to present evidence in support of his claims.  As for the first letter sent to Defendant Libby, the plaintiff admitted he wrote the letter and sent a copy to Internal Affairs.  Whether he intended it to go directly to this defendant or whether he claims his actions were not meant to intimidate are not the issue.   The defendant could logically infer the plaintiff was trying to intimidate him based on where the letter was sent and the content.  Defendant Libby testified that he was the one who picked up this mail every day and the inmates observed that fact.

 As for the second writing, the document on its face was clearly a petition which was not allowed.  The plaintiff claims other documents were taken, but did not have evidence of any other papers.  Lastly, the plaintiff has failed to point to any specific evidence or testimony he was prevented from presenting to the court.  He simply argues that he could have made a stronger argument to the court.  The plaintiff's motions to reconsider are denied.

## MOTIONS TO PROCEED IN FORMA PAUPERIS ON APPEAL

The plaintiff has filed to motions to proceed in forma pauperis on appeal. [d/e 146, 155] The plaintiff in his "Notice of Appeal" states that he is appealing the court's decision to grant the defendants' motion pursuant to Rule 50 of the Federal Rules of Civil Procedure and "including but not limited to all adverse decisions entered in the case." (Plain.Mot, p. 1)

Under 28 U.S.C. § 1915(a)(3), the court is required to determine if the plaintiff's appeal is taken in good faith before the court can determine in forma pauperis status. "Good faith" within the meaning of § 1915(a)(3) is not about the plaintiff's sincerity in requesting appellate review. Rather, an appeal taken in "good faith" is an appeal that, objectively considered, raises non-frivolous colorable issues. See Cruz v. Hauck, 404 U.S. 59, 62 (1971); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

The plaintiff states that he is appealing the court's decision to allow the motion pursuant to Rule 50. The plaintiff has adequately presented his grounds for appealing the court's final judgement in his motions for reconsideration. The court is unable to find any substantial issue meriting relief from judgement, and therefore cannot find a good faith basis for appeal. In addition, simply stating that the plaintiff is appealing "all adverse decisions" is not a proper statement of issues for appeal and will not be addressed by the court. Accordingly, the court denies plaintiff's motions for leave to proceed in forma pauperis and certifies, pursuant to 28 U.S.C. §1915(a)(3), that the appeal is not in good faith.

The Seventh Circuit has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal in forma pauperis, but must pay the appellate fees of $255 within 14 days. See Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997). If the plaintiff wishes to contest this court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this court's certification within 30 days after service of this order. See Fed.R.App.P. 24(a).

## MOTION FOR TRIAL TRANSCRIPT

The plaintiff has filed a notice of appeal and a motion for a copy of the trial transcript. The plaintiff says he is unable to pay for the transcript on his own. The Federal Rules of Appellate procedure provide that within ten days of filing a notice of appeal, the appellant must order a transcript of such parts of the proceedings as he deems necessary to his appeal. Fed. R. App.P. 10(b)(1). If an appellant is unable to pay for the transcript, he may file a motion to proceed on appeal in forma pauperis. 28 U.S.C. §1915. If this motion is granted, the trial judge or a circuit judge may then grant a motion for a free transcript if it is determined that the appeal is not frivolous. 28 U.S.C. §753(f). The plaintiff's motion to proceed in forma pauperis has not been allowed, therefore the motion is denied.

IT IS THEREFORE ORDERED that:

1) The plaintiff's motions for reconsideration are denied. [d/e 150, 152]

2) The plaintiff's motions for leave to appeal in forma pauperis are denied. [d/e 146, 155] The plaintiff is ordered to remit to the Clerk of the Court the $255 appellate fee within 14 days of the date of this order. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds.  The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.  <u>The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit</u>

3) The plaintiff's motion for a free copy of the entire trial transcript is denied. [d/e 154]

Enter this 13th day of October, 2005.


**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE